UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRIAN HAAG,

          Plaintiff,           Case No. 1:17-cv-311

v.           Honorable Janet T. Neff

HEIDI WASHINGTON et al.,

          Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Aiken, Alton, Lamb, and Harbaugh. The Court will serve the complaint against Defendants Washington, Corizon Health Services, Burke, and Kerstein.

## Discussion

I.   Factual allegations

Plaintiff Brian Haag is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Michigan. Plaintiff complains that Defendants have been deliberately indifferent to Plaintiff's serious medical need (he suffers from restless leg syndrome) at IBC and at his prior placement, the Saginaw Correctional Facility (SRF) in Freeland, Michigan. Plaintiff sues MDOC Director Heidi Washington and MDOC contracted healthcare provider Corizon Health Services in their respective official capacities. He sues MDOC Nurse R. Harbaugh, IBC Doctor Gail Burke, IBC Nurse S. Aiken, SRF Doctor Unknown Kerstein, SRF Nurse S. Alton, and SRF Nurse Patricia Lamb, all in their official and personal capacities.

Plaintiff's complaint is straightforward. He suffers from restless leg syndrome. He enjoyed some relief on a drug known as Sinemet. Defendant Kerstein took Plaintiff off the drug. Thereafter Plaintiff suffered pain and sleep disturbance and his restlessness caused strife with bunkmates. Plaintiff filed a grievance against Defendant Kerstein. Defendant Alton denied the grievance at the first step. Defendant Lamb denied the grievance at the second step.

When Plaintiff was transferred to IBC, he raised the issue with Defendant Burke. Dr. Burke also failed to provide the treatment Plaintiff wanted. Plaintiff filed a grievance against Dr. Burke. It was denied at each step. Defendant Harbaugh authored the denial at Step III.

Plaintiff has offered to pay for the medication. He has offered to pay for outside medical treatment for his condition. Defendants have simply refused to provide the care he wants. At IBC, Plaintiff has been referred to mental health healthcare providers instead.

Plaintiff seeks injunctive relief compelling the MDOC and Corizon to treat the pain and other symptoms associated with his restless leg syndrome. Plaintiff seeks compensatory damages in the amount of $50,000.00 and punitive damages in the amount of $10,000.00 per Defendant.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, Plaintiff contends that the Defendants have been deliberately indifferent to his serious medical needs. Such indifference would violate the Eighth Amendment's prohibition against cruel and unusual punishment.

A.  Defendant Aiken

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims

against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff fails to even mention Defendant Aiken in the body of his complaint. His allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). His claim against Defendant Aiken is properly dismissed.

B. Defendants Alton, Lamb, and Harbaugh

Plaintiff fails to make specific factual allegations against Defendants Alton, Lamb and Harbaugh, other than his claim that they failed to appropriately respond to his grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained

in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Alton, Lamb, and Harbaugh engaged in any active unconstitutional behavior. They did not deny Plaintiff medications or other treatment for his condition; they simply denied his grievances against other providers who had denied treatment. Accordingly, Plaintiff fails to state a claim against Defendants Alton, Lamb and Harbaugh.

        III.    Eighth Amendment claim against the remaining Defendants

Plaintiff's allegations suffice to state a claim for violation of the Eighth Amendment for deliberate indifference to a serious medical need against the remaining Defendants.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Aiken, Alton, Lamb, and Harbaugh will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Washington, Corizon, Kerstein, and Burke.

An Order consistent with this Opinion will be entered.

Dated: May 1, 2017             /s/ Janet T. Neff
                                                   Janet T. Neff
                                                   United States District Judge