UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN HAAG #667757,

   Plaintiff,            Hon. Janet T. Neff

v.                   Case No. 1:17-cv-311

HEIDI WASHINGTON, et al.,

   Defendants.
_____/

## REPORT AND RECOMMENDATION

   This matter is before the Court on Defendant's Motion to Dismiss. (ECF No. 17). Plaintiff initiated this action against Corizon Health Services and several individuals alleging deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. Plaintiff's claims against many of the individual defendants were dismissed on screening. Defendant Corizon now moves to dismiss Plaintiff's claims on the ground that such fail to state a claim on which relief may be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**.

   A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

   As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Corizon is not vicariously liable for the actions of its employees and, therefore, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). To impose liability against Corizon, Plaintiff must demonstrate that he suffered a violation of his federal rights "because of" a Corizon policy or custom. *See Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). Plaintiff can demonstrate the existence of such a policy or custom in one of several ways: (1) prove the existence of an illegal official policy; (2) establish that an official with final decision making authority ratified illegal actions; (3) demonstrate that there existed a policy of inadequate

training or supervision; or (4) establish that there existed a custom of tolerance or acquiescence of federal rights violations. *Ibid*. Plaintiff's complaint contains no factual allegations that, even if accepted as true, would satisfy any of these requirements. Accordingly, the undersigned recommends that Defendant Corizon's motion to dismiss be granted.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion to Dismiss</u>, (ECF No. 17), be **granted**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 17, 2017 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge