UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN HAAG #667757,

    Plaintiff,                                        Hon. Janet T. Neff

v.                                                     Case No. 1:17-cv-311

HEIDI WASHINGTON, et al.,

    Defendants.

_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment, (ECF No. 50), and Defendant's Motion for Summary Judgment, (ECF No. 54). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions be **granted** and this action **terminated**.

### BACKGROUND

Plaintiff initiated this action on April 6, 2017, against Corizon Health Services and seven individuals alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment. (ECF No. 1). Plaintiff's claims against Corizon and several individual defendants were subsequently dismissed. (ECF No. 4-5, 27, 30). Plaintiff later amended his complaint asserting claims against Drs. Burke and Kerstein. (ECF No. 46). In his amended complaint, Plaintiff alleges that Defendants Burke and Kerstein have failed to properly treat his restless leg syndrome in violation of his rights under the Eighth Amendment and the Americans with Disabilities Act. Plaintiff also alleges that Defendants' conduct constitutes gross negligence under Michigan law. Defendants

Burke and Kerstein now move for summary judgment. Plaintiff has failed to respond to Defendants' motions.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have

2

a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.        Plaintiff's Medical Record and Treatment History**

Treatment notes dated August 8, 2014, indicate that Plaintiff was experiencing restless leg syndrome (RLS). (ECF No. 52-1 at PageID.365). Plaintiff had previously been prescribed Elavil, Tegretol, and Dilantin all of which were "ineffective." (ECF No. 52-1 at PageID.365). Plaintiff was presently being prescribed Sinemet which had been "very effective." (ECF No. 52-1 at PageID.365). Plaintiff reported, however, that he had begun experiencing "increase of symptoms at night" as well as "throbbing" pain which he rated as 7/10. (ECF No. 52-1 at PageID.366). Plaintiff reported that he "would like to either add or switch to Neurontin." (ECF No. 52-1 at PageID.366).

Treatment notes dated August 26, 2014, indicate that the Pain Management Council renewed Plaintiff's Sinemet prescription. (ECF No. 52-1 at PageID.367-68). Plaintiff's Sinemet prescription was continued through early 2016. (ECF No. 52-1 at PageID.369-73). On February 10, 2016, Dr. Kerstein "deferred" renewal of Plaintiff's Sinemet prescription, instead directing that Plaintiff be weaned from Sinemet. (ECF No. 52-1 at PageID.374). Dr. Kerstein made this determination "because of Sinemet's possible adverse effects upon [Plaintiff's] liver as well as his heart and kidneys." (ECF No. 55-2 at PageID.450). In light of the fact that Plaintiff also suffered from Hepatitis C, Dr. Kerstein concluded that "the risks of Sinemet administration outweighed its benefits in Plaintiff's case." (ECF No. 55-2 at PageID.450).

On June 7, 2016, Plaintiff transferred to the Bellamy Creek Correctional Facility. (ECF No. 50-3 at PageID.288; ECF No. 52-1 at PageID.375). On June 17, 2016, Plaintiff was examined by Dr. Burke. (ECF No. 52-1 at PageID.379-81). Plaintiff reported that he was experiencing RLS-related pain and requested that he be prescribed Sinemet. (ECF No. 50-3 at PageID.288; ECF No. 52-1 at PageID.379-81). Dr. Burke informed Plaintiff that his prescription for Sinemet had been discontinued. (ECF No. 50-3 at PageID.288; ECF No. 52-1 at PageID.384). The doctor ordered various laboratory tests, including a test for iron deficiency which is "part of a complete workup for RLS." (ECF No. 50-3 at PageID.288; ECF No. 52-1 at PageID.379-81).

On July 31, 207, Plaintiff submitted a medical kite requesting that he be prescribed Sinemet or Neurontin for his RLS-related pain. (ECF No. 52-1 at PageID.410). A nurse denied Plaintiff's request, noting that he was already prescribed Mobic. (ECF No. 52-1 at PageID.410). On August 3, 2017, Plaintiff met with Dr. Burke. (ECF No. 50-3 at PageID.289; ECF No. 52-1 at PageID.411-14). Plaintiff reported that since his Sinemet prescription was discontinued, his "symptoms have gotten much worse." (ECF No. 52-1 at PageID.411). Dr. Burke submitted a

request that Plaintiff be prescribed Sinemet. (ECF No. 50-3 at PageID.289; ECF No. 52-1 at PageID.413). This request was denied on August 16, 2017. (ECF No. 50-3 at PageID.289; ECF No. 52-1 at PageID.418-20). As Dr. Burke indicated, because Sinemet is a "non-formulary medication," she is prohibited from prescribing it without authorization. (ECF No. 50-3 at PageID.289). Dr. Burke instead renewed Plaintiff's Mobic prescription and instructed Plaintiff to improve his diet and increase his exercise level which the doctor believed would reduce Plaintiff's symptomatology. (ECF No. 50-3 at PageID.289; ECF No. 52-1 at PageID.421-24).

## II.        Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). If the objective test is met, the Court must then determine whether the defendant possessed a sufficiently culpable state of mind:

5

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847).

To the extent, however, that Plaintiff simply disagrees with the treatment he received, or asserts that he received negligent care, Defendant is entitled to summary judgment. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").

The gravamen of Plaintiff's claim is that Defendants Burke and Kerstein violated his rights by discontinuing, and later failing to re-prescribe, Sinemet to treat his RLS symptoms. The evidence submitted by Defendants, however, reveals that Plaintiff merely disagrees with the decision by Dr. Kerstein to discontinue his Sinemet prescription. As Dr. Kerstein asserted, his decision to

6

discontinue Plaintiff's Sinemet prescription was based upon his professional judgment. While Plaintiff may disagree with Dr. Kerstein's judgment or consider such to constitute negligence, neither circumstance violates the Eighth Amendment. As for Dr. Burke, she asserted that she was prohibited from prescribing Sinemet due to the decision by Dr. Kerstein, and others, to not prescribe such to Plaintiff. In light of this determination, Dr. Burke prescribed different medication and treatment instructions to Plaintiff. Again, while Plaintiff may disagree with Dr. Burke's treatment decisions or consider such negligent, such does not violate the Eighth Amendment. Finally, as previously noted, Plaintiff has failed to respond to Defendants' motions for summary judgment and has, therefore, failed to present any evidence contradicting or otherwise calling into question the evidence submitted by Defendants. Accordingly, the undersigned recommends that with respect to Plaintiff's Eighth Amendment claims, Defendants Burke and Kerstein are entitled to summary judgment.

### III.          Americans with Disabilities Act (ADA)

To prevail on his ADA claim, Plaintiff must establish that: (1) he has a disability; (2) he is otherwise qualified; and (3) he is being excluded from participation in, denied the benefits of, or subjected to discrimination because of his disability. *See Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015). Even if the Court assumes that Plaintiff is disabled, Plaintiff has presented no evidence that he has been subjected to discrimination *because of* his disability. Instead, the essence of Plaintiff's complaint is simply that he is receiving inadequate medical care. Allegations of inadequate medical care, however, do not state a claim for violation of the ADA. *See, e.g., Breedlove v. Costner*, 405 Fed. Appx. 338, 341 (10th Cir., Dec. 16, 2010); *Burkett v. Booker*, 2006 WL 2583371 at *3 (E.D. Ky., Sept. 7, 2006). Accordingly, the undersigned recommends that with respect to Plaintiff's ADA claims, Defendants Burke and Kerstein are entitled to summary judgment.

### IV.        Gross Negligence

Finally, Plaintiff claims that Defendants' conduct amounts to gross negligence in violation of state law.   Under Michigan law, gross negligence "is not an independent cause of action," but is rather a prerequisite which a plaintiff must establish when seeking to overcome a defendant's assertion of governmental immunity.  *See Bletz v. Gribble*, 641 F.3d 743, 756 (6th Cir. 2011). Defendants Burke and Kerstein, however, are not asserting a governmental immunity defense. Accordingly, the undersigned recommends that with respect to Plaintiff's gross negligence claims, Defendants Burke and Kerstein are entitled to summary judgment.

### **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment, (ECF No. 50), be **granted**; Defendant's Motion for Summary Judgment, (ECF No. 54), be **granted**; and this action **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                                                    Respectfully submitted,


Date: May 16, 2018                                     /s/ Ellen. S. Carmody
                                                                    ELLEN S. CARMODY
                                                                    U.S. Magistrate Judge